```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
                                                      :
ANNE MARIE FORREST,                                   :
                                                      :
                              Plaintiff,              :     15 Civ. 1573 (KPF)
                                                      :
              v.                                      :     ORDER
                                                      :
CAROLYN COLVIN,                                       :
Acting Commissioner of Social Security,               :
                                                      :
                              Defendant.              :
                                                      :
------------------------------------------------------X
```

> USDC SDNY
> DOCUMENT
> ELECTRONICALLY FILED
> DOC #: _____
> DATE FILED: November 21, 2016

KATHERINE POLK FAILLA, District Judge:

Plaintiff Anne Marie Forrest ("Plaintiff") has filed an application pursuant to the Equal Access to Justice Act (the "EAJA"), 28 U.S.C. § 2412(d), seeking an award of attorneys' fees and costs on behalf of her attorney, Irwin Portnoy, Esq. For the reasons set forth in the remainder of this Opinion, Plaintiff's motion is granted in part.

## BACKGROUND[1]

Plaintiff initiated this litigation on March 3, 2015, seeking review pursuant to Section 405(g) of the Social Security Act, 42 U.S.C. § 405(g), of the decision by Carolyn Colvin, the Acting Commissioner of Social Security ("Defendant"), to deny Plaintiff's applications for Disability Insurance Benefits

---

[1] The facts in this Opinion are drawn from the parties' submissions in connection with Plaintiff's motion for attorneys' fees. For convenience, Plaintiff's supporting memorandum (Dkt. #23) is referred to as "Pl. Br.," Defendant's memorandum in opposition (Dkt. #27) is referred to as "Def. Br.," and Plaintiff's reply memorandum (Dkt. #31) as "Pl. Reply." In addition, the Court has drawn on the two affirmations of Plaintiff's counsel, which are distinguished by the months in which they were filed and referred to as "July Portnoy Aff." (Dkt. #22), and "Aug. Portnoy Aff." (Dkt. #26).

and Supplemental Security Income. (Dkt. #1).[2] On July 30, 2015, Plaintiff filed a motion for judgment on the pleadings. (Dkt. #12). On July 31, 2015, Defendant filed her cross-motion for judgment on the pleadings. (Dkt. #14). On June 22, 2016, the Court granted Plaintiff's motion, insofar as it requested remand for rehearing, and denied Defendant's motion because the ALJ had "erred in applying the treating physician rule, did not adequately develop the record, and did not seek testimony from a vocational expert." (Dkt. #18 at 1). Plaintiff now moves pursuant to the EAJA for an award of attorneys' fees and costs on behalf of Mr. Portnoy in the amount of $11,980.71. (Pl. Reply 9).

**DISCUSSION**

**A.   Applicable Law**

The EAJA provides that

> a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in ... proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A); *see also, e.g., Vincent* v. *Comm'r of Soc. Sec.*, 651 F.3d 299, 302-03 (2d Cir. 2011). Therefore, before awarding an EAJA fee award, a court must determine that (i) a movant is a prevailing party and (ii) the Government's position lacks substantial justification. *See Comm'r, I.N.S.* v.

---

[2]   The Court assumes familiarity with the underlying facts of this litigation, which are described in more depth in the Court's June 22, 2016 Opinion and Order. (Dkt. #18).

2

*Jean*, 496 U.S. 154, 160-61 (1990) (noting that a court's "finding that the Government's position lacks substantial justification," and its "determination that a claimant is a 'prevailing party,'" operate as "one-time threshold[s] for fee eligibility").

In the social security context, a plaintiff whose case is remanded pursuant to sentence four of § 405(g) is considered a prevailing party for purposes of the EAJA. *See Shalala* v. *Schaefer*, 509 U.S. 292, 300-02 (1993). The Government's "position" is considered to be, "in addition to the position taken by the United States in the civil action, the action or failure to act by the agency upon which the civil action is based." 28 U.S.C. § 2412(d)(2)(D); *see also, e.g., Ericksson* v. *Comm'r of Soc. Sec.*, 557 F.3d 79, 82 (2d Cir. 2009).

It is the Government's burden to demonstrate that its position was "substantially justified." *Ericksson*, 557 F.3d at 81. "[T]o meet that burden, [the Government] must make a 'strong showing' that its action was 'justified to a degree that could satisfy a reasonable person.'" *Healey* v. *Leavitt*, 485 F.3d 63, 67 (2d Cir. 2007) (quoting *Pierce* v. *Underwood*, 487 U.S. 552, 565 (1988)). That is, the Government must demonstrate that its position has a "reasonable basis in both law and fact." *Ericksson*, 557 F.3d at 82 (internal quotation marks omitted) (quoting *Pierce*, 487 U.S. at 565).

Once a court has made these threshold determinations and found that an EAJA fee award is owed, a district court has broad discretion to determine the reasonable amount to be awarded. *See Jean*, 496 U.S. at 161 (explaining that "once a private litigant has met the multiple conditions for eligibility for

EAJA fees," the district court must next determine "what fee is reasonable"). However, because EAJA fees awarded under § 2412(d) are subject to a statutory cap of $125 per hour, unless cost of living or a special factor justifies a higher fee, the court's discretion is cabined in these cases; "a district court may award 'reasonable attorney[s'] fees' pursuant to § 2412(d) using any hourly rate *below* this statutory cap." *Kerin* v. *U.S. Postal Serv.*, 218 F.3d 185, 189 (2d Cir. 2000) (alteration in original) (emphasis added) (quoting 28 U.S.C. § 2412(d)(2)(A)).  In the Second Circuit, "[a]ttorneys' fees are awarded by determining a presumptively reasonable fee, reached by multiplying a reasonable hourly rate by the number of reasonably expended hours." *Bergerson* v. *N.Y. State Office of Mental Health, Cent. N.Y. Psychiatric Ctr.*, 652 F.3d 277, 289 (2d Cir. 2011); *see also Millea* v. *Metro-N. R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011) (citing *Perdue* v. *Kenny A. ex rel. Winn*, 559 U.S. 542, 552 (2010)) ("Both this Court and the Supreme Court have held that the lodestar — the product of a reasonable hourly rate and the reasonable number of hours required by the case — creates a 'presumptively reasonable fee.'" (quoting *Arbor Hill Concerned Citizens Neighborhood Assoc.* v. *Cty. of Albany*, 522 F.3d 182, 183 (2d Cir. 2008))).

**B.     Analysis**

**1.     Plaintiff Is Eligible to Receive Attorneys' Fees and Costs Under the EAJA**

Defendant does not contest Plaintiff's eligibility under the EAJA; Defendant does not argue that Plaintiff is not a prevailing party, nor that Defendant's position was substantially justified. (Def. Br. 2 & n.4).  Because

4

the parties' "focus" is "solely on the amount of EAJA fees to award" (*id.* at 2 n.4), the Court's will be as well.

### 2. Plaintiff's Counsel Used a Reasonable Hourly Rate

Plaintiff's fee motion requests that her counsel's fee be calculated at rates of $190.28 per hour for hours billed in 2015 and $192.08 for hours billed in 2016. (Pl. Br. 6; July Portnoy Aff. 2). Defendant does not object to these rates. (Def. Br. 1 n.1). Because the parties concur that these rates are reasonable; the rates match the rates dictated by the Social Security Administration, adjusted for cost of living (July Portnoy Aff. Appendix 3); and the rates are thus compliant with the restrictions imposed by § 2412(d), the Court finds that these rates are reasonable.

### 3. Plaintiff's Counsel's Hours Were Not Reasonable

#### a. Plaintiff's Proposed Fee Award and Defendant's Response

Plaintiff's fee motion requests that her counsel's award be calculated to compensate his expenditure of 77.01 hours in 2015 and 2.53 hours in 2016, discounted twice by 20% in counsel's exercise of billing judgment, which discounts counsel calculated to each equal $2,027.86. (July Portnoy Aff. 2; Aug. Portnoy Aff.). In Plaintiff's reply brief, she requests compensation for an additional 9.34 hours billed by counsel in 2016 in preparing the reply brief for this motion; counsel here discounted his fees by 50%, which, counsel determined, added $897.01 to the initial amount of attorneys' fees sought. (Pl. Reply 9; Pl. Reply Appendix 2). Plaintiff therefore requests a total award

representing 88.88 hours, which, allowing for the aforementioned discounts, amounts to an award of $11,980.71.  (Pl. Reply 9).

Defendant disputes Plaintiff's calculations.  With regard to Plaintiff's two purported 20% reductions, Defendant indicates that Plaintiff's requested initial award amount of $11,083.70 "represents an approximately 27% discount of the initial fee request of $15,139.42," rather than a 40% discount.  (Def. Br. 2 n.3).  Defendant further argues that, notwithstanding any discount, Plaintiff's requested hours are unreasonable.  (*Id.* at 4-6).  Defendant suggests instead "a fee award of $7,183.13, reflecting 35 hours for work in 2015 at $190.28 [per hour] ($6,659.80), 2.53 hours for work in 2016 at $192.08 [per hour] ($485.96), and [$]37.37 in expenses."  (*Id.* at 6)

As an initial matter, Defendant's math is correct.  It appears to the Court that a typographical error in Plaintiff's counsel's first affirmation miscalculated the 20% to be discounted as equaling $2,027 rather than $3,027.  (*See* July Portnoy Aff. 2).  This error was not rectified in Plaintiff's second affirmation, which again deducted $2,027 rather than $3,027.  (Aug. Portnoy Aff.).  The Court calculates that the discounted amount initially sought by Plaintiff should have been $9,083.66 rather than $11,980.71, if it were truly to have been discounted by 40%.  By contrast, Plaintiff's counsel's math with regard to the additional hours requested in connection with the preparation of Plaintiff's reply memorandum was correct:  Plaintiff's counsel requested an additional $1,794.03 for 9.34 hours, which was properly discounted by 50% to $897.01.

(Pl. Reply 9).[3]  Adding this amount to Plaintiff's initially requested amount, Plaintiff's final requested award was $11,980.71.  (*Id.*).  Adding this amount to what this Court calculates to have been the correctly discounted initial amount, Plaintiff's final requested award should have been $9,980.67.

### b. The Number of Hours for Which Plaintiff's Counsel Seeks Reimbursement Is Not Reasonable

Courts in this Circuit agree that 20 to 40 hours is a reasonable amount of time to spend on a routine Social Security case.  *See, e.g.*, *Padula* v. *Colvin*, 602 F. App'x 25, 28 (2d Cir. 2015) (summary order) (citing *Parsons* v. *Comm'r of Soc. Sec.*, No. 07 Civ. 1053 (TJM), 2008 WL 5191725, at *1 (N.D.N.Y. Dec. 10, 2008) (collecting cases)) (noting that the requested 81.8 hours "amount[ed] to over double the amount of hours courts within this Circuit typically award for routine social security cases," which ranges from 20 to 40 hours); *Woody* v. *Colvin*, No. 14 Civ. 718 (SAS), 2015 WL 728179, at *1 (S.D.N.Y. Feb. 19, 2015) (quoting *Sava* v. *Comm'r of Soc. Sec.*, No. 06 Civ. 3386 (KMK) (PED), 2014 WL 129053, at *3 (S.D.N.Y. Jan. 10, 2014) (collecting cases)).  A larger award may be reasonable where a case is not routine because of "the factual, substantive, and procedural complexity of the case; the size of the administrative record; and the efficacy of the attorney's efforts."  *Stewart* v. *Comm'r of Soc. Sec.*, No. 12 Civ. 3121 (AJN), 2014 WL 2998530, at *3 (S.D.N.Y. July 2, 2014) (internal citations omitted) (citing *Borus* v. *Astrue*, No. 09 Civ. 4723 (PAC)

---

[3]  Defendant did not have an opportunity to respond to Plaintiff's final fee calculation, as it was not provided until Plaintiff's reply brief.  (Pl. Reply 9).

(RLE), 2012 WL 4479006, at *4 (S.D.N.Y. Sept. 28, 2012), and *Colegrove* v. *Barnhart*, 435 F. Supp. 2d 218, 220-21 (W.D.N.Y. 2006)).

In her opening brief, Plaintiff argues that her counsel's expenditure of 77.01 hours for her representation in the instant appeal and for filing the opening brief in the related fee motion was justified despite this Circuit's presumption because a "*de facto* cap" undermines the purposes that the EAJA is meant to serve; Defendant's position was not justified, and a larger fee award would deter similarly weak cases in the future; and the case "required a great deal of effort in analyzing the facts and law," for reasons including the 600-page record. (Pl. Br. 5-6). Plaintiff's reply memorandum emphasized the deterrent effect of a large fee award. (Pl. Reply 1-2 (quoting *Garcia* v. *Bowen*, 702 F. Supp. 409, 411 (S.D.N.Y. 1988) ("Judicial discretion in EAJA cases has been used not only to fully and reasonably compensate attorneys of prevailing plaintiffs, but also to make a statement that such fees should be assessed against the government as part of its penalty for taking positions that are not substantially justified.")). Plaintiff also argued in reply that Defendant could have, and should have, abandoned her meritless position earlier, and that her failure to do so caused Plaintiff's counsel to expend a larger number of hours on this case. (Pl. Reply 2, 7-8).[4]

---

[4]  The Court pauses to note the internal inconsistency in Plaintiff's arguments. If Defendant's positions were truly meritless, Plaintiff's counsel would not have had to expend so many hours in this litigation explaining why. Ultimately, as set forth in the text, the Court concludes that Defendant's positions were understandable, if unsuccessful, and that the legal issues implicated by Plaintiff's appeal were largely straightforward.

Taking these arguments into consideration, this Court finds that Plaintiff's requested award of 88.88 total hours is excessive and unreasonable. This case "presented no particularly complex legal issues, and did not involve a particularly large administrative record. Nor did the Court hold oral argument." *Stewart*, 2014 WL 2998530, at *3 (internal citations omitted). Plaintiff's counsel argues generally that this was a complicated case, but he offers little evidence of that fact. The length and detail of this Court's Opinion speaks only to the thoroughness of its analysis; it does not prove the difficulty of this case, which dealt with issues routinely raised in Social Security cases, despite Plaintiff's counsel's contentions to the contrary. (Pl. Reply 6-7). Indeed, the issues involved in this case are issues that other courts in this Circuit have recognized are "neither novel nor particularly complicated," especially not for Mr. Portnoy, "an experienced attorney in the field." *Woody*, 2015 WL 728179, at *2.

Counsel's substantiation for the hours billed also leaves something to be desired: The billing entries are terse to the point of being unhelpful, with many entries limited to a variation of "Draft District Court brief." (*See, e.g.*, July Portnoy Aff. Appendix 4; Pl. Reply Appendix 2). *See Mercado* v. *Colvin*, No. 15 Civ. 2283 (JCF), 2016 WL 6271139, at *2 (S.D.N.Y. Oct. 26, 2016) (reducing fees sought by Mr. Portnoy, in part, because of "generic" descriptions in time entries, including "Draft District Court brief" and "Draft District Court reply brief"; noting that "where attorneys have failed to keep adequate and detailed time records, an across-the-board percentage reduction in hours may be

9

appropriate"; and collecting cases); *see generally Guadagno* v. *Astrue*, No. 10 Civ. 6348 (MAT), 2011 WL 3902749, at *2 (W.D.N.Y. Sept. 6, 2011) ("Further, block-billed time entries may hinder the Court's ability to determine whether the fees requested are reasonable; and, in such cases, district courts are authorized to make across-the-board reductions, rather than undertaking a painstaking review of each time entry." (citing *Green* v. *City of New York*, 403 F. App'x 626, 630 (2d Cir. 2010) (summary order))).  The Court has carefully considered Mr. Portnoy's billing entries, and has concluded that in many cases the amounts of time attributed to the activity are unwarranted:  For instance, Plaintiff's counsel billed approximately 56 hours for an opening brief of just 25 pages; even granting counsel time to review, digest, and cite to the administrative record, the time spent on the brief was disproportionate to the complexity of the issues raised.  (*See* July Portnoy Aff. Appendix 4).  As a second example, though Plaintiff's counsel only billed 1.91 hours for Plaintiff's opening brief in support of her fee application, he then billed 9.34 hours for a reply brief of approximately nine pages' length that broke little if any new ground.  (*See id.*; Pl. Reply Appendix 2).

Those billing concerns notwithstanding, this Court recognizes that there are factors that justify an award at the upper bound of this Circuit's presumptively reasonable spectrum.  *See, e.g.*, *Woody*, 2015 WL 728179, at *3 (noting that the date of counsel's retention, multi-layered legal issues, and litigation of the fee motion were factors justifying a 40-hour award); *Stewart*, 2014 WL 2998530, at *3.  First, Plaintiff's counsel did not represent Plaintiff at

10

the administrative level, and was thus unfamiliar with this case at its onset. (*See* July Portnoy Aff. Appendix 1).  Second, one issue underlying this Court's opinion was the ALJ's misstatement of a physician's opinion, which would only be apparent upon a careful review of the record.  Third, Plaintiff's counsel was successful to the extent that the underlying case was remanded for rehearing.  And fourth, Plaintiff's counsel was required to expend additional hours litigating this fee application.[5]  Accordingly, the Court finds that an award of 40 hours is reasonable in this case, reflecting 30 hours of work in 2015 and 10 hours of work in 2016.  Using the rates found reasonable above, the Court calculates that Plaintiff is owed an award of $7,629.20, plus $37.37 in expenses.  (July Portnoy Aff. Appendix 4; Def. Br. 6).

4.     **The Payment Will Be Made to Plaintiff and Sent to Her Counsel**

Plaintiff requests that that the fee award be mailed to her counsel's office, according to the assignment agreement that she entered with her counsel. (Pl. Br. 6-7).  Defendant interprets this as a request that payment be directed specifically to counsel, and argues that the award must be payable to Plaintiff directly and subject to any offset applicable under the Treasury Offset Program.  (Def. Br. 6).

The Supreme Court has spoken clearly to this issue:  It mandates that "EAJA fees are payable to litigants and … thus subject to offset where a litigant

---

[5]   "[W]here the government's position in the underlying dispute has been found to be, or as here, conceded to be, not substantially justified, the reasonable attorney's fee [P]laintiff is entitled to recover should encompass the time spent by counsel litigating the fee issue itself."  *Trichilo* v. *Sec'y of Health & Human Servs.*, 823 F.2d 702, 707 (2d Cir. 1987), *supplemented,* 832 F.2d 743 (2d Cir. 1987).

11

has outstanding federal debts." *Astrue* v. *Ratliff*, 560 U.S. 586, 594 (2010). In cases where such debts are not suggested, courts in this Circuit have honored retainer agreements like Plaintiff's, which assign a claim for fees to counsel. (Def. Br. 6 n.6). *See, e.g.*, *Morales* v. *Colvin*, No. 13 Civ. 6844 (LGS), 2015 WL 4597547, at *2 (S.D.N.Y. July 29, 2015) (quoting *Camilo* v. *Colvin*, No. 11 Civ. 1345 (DAB) (MHD), 2015 WL 3385734, at *2 (S.D.N.Y. May 26, 2015)). But where, as here, there is a suggestion of possible debt, an EAJA fee award must be payable to Plaintiff herself. *See Ratliff*, 560 U.S. at 594.

Courts have distinguished, however, between the party to whom an award must be paid and the party to whom it may be mailed, and permitted awards payable to plaintiffs to be delivered to their counsel. *See, e.g.*, *Jones* v. *Colvin*, No. 6:14 Civ. 6316 (MAT), 2015 WL 6801830, at *5 (W.D.N.Y. Nov. 5, 2015); *Marshall* v. *Colvin*, No. 5:13 Civ. 0943 (MAD) (TW), 2015 WL 507197, at *3 (N.D.N.Y. Feb. 6, 2015). Accordingly, while Defendant must pay Plaintiff's fee award to Plaintiff, Defendant may mail the award to Plaintiff's counsel. Plaintiff may then be required to remit any post-offset award to her counsel according to the agreement that she entered into with him. *See, e.g.*, *James* v. *Colvin*, 66 F. Supp. 3d 365, 368 (W.D.N.Y. 2014); *Fee* v. *Astrue*, No. 11 Civ. 6625L (DGL), 2013 WL 5703208, at *2 (W.D.N.Y. Oct. 17, 2013).

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for an award of attorneys' fees and costs on behalf of Plaintiff's attorney, Mr. Portnoy, is GRANTED IN PART. The Court awards Plaintiff $7,666.57 to be paid to Plaintiff directly and

subject to offset under the Treasury Offset Program.  This award may be mailed to the office of Plaintiff's counsel, and Plaintiff is ORDERED to remit to her counsel any attorneys' fees that are owed pursuant her agreement with him.

The Clerk of Court is directed to terminate the motion pending at docket entry 21.

SO ORDERED.

Dated:     November 21, 2016
           New York, New York

                                        KATHERINE POLK FAILLA
                                        United States District Judge